## STATE v. DAVIE.

No. 7762.   Decided January 25, 1952.   (240 P. 2d 265.)

See 23 C. J. S., Criminal Law, sec. 851.  Women consenting to immoral acts as accomplices.  17 Am. Jur.  Disorderly Houses, sec. 6: 84 A. L. R. 376.

*Richard L. Stine,* Ogden, for appellant.

*Clinton D. Vernon,* Atty. Gen., *J. Richard Bell,* Deputy Atty. Gen., for respondent.

McDONOUGH, Justice.

This case was combined for argument with *State of Utah* v. *Davie,* ... Utah ..., 240 P. 2d 263. It involves a conviction by a jury on the same charge, keeping a house of ill fame at another location, in violation of Section 103-51-21, U. C. A. 1943.

As in the other case, defendant offered no evidence but seeks to reverse the conviction as having been erroneously obtained. The rulings in case No. 7694 referred to dispose of the errors assigned herein, except that in this case defendant also charges that the trial court improperly admitted in evidence records of the telephone company, the power and light company, and an insurance agent.

The records referred to were properly identified by employees or attendants in the several offices as records kept in the regular course of business. While these records, as used in this case, do not, strictly speaking, fall within the "shop book rule", they are admissible for the same reasons which gave rise to that rule which has long since had the approval of this court. See cases listed in *Clayton* v. *Metropolitan Life Insurance Company,* 96 Utah 331, 85 P. 2d 819, 120 A. L. R. 1117. They were correctly admited in evidence under what is called "the regular entry rule." 32 C. J. S., Evidence, § 683b, p. 554, states:

"In addition to the shopbook rule, another very generally established rule, adopted by statute in some jurisdictions and sometimes spoken of as 'the regular entry rule,' is that regular entries made in the course of business * * * are admissible in evidence when a proper foundation is laid."

It is no longer necessary to have the person who made the records identify them. If he cannot be obtained as a wit-

ness, other employees who know the facts can do so. See 32 C. J. S., p. 554 referred to above; 20 Am. Jur., Evidence, Sec. 1070. It is the prerogative of the trial court to determine when such foundation is laid and sufficient showing of the credibility of the evidence is established. This requirement was met in the instant case.

Judgment is affirmed.

WOLFE, C. J., and WADE, CROCKETT and HENRIOD, JJ., concur.