376 P.2d 939

**CARPENTER PAPER COMPANY, a corporation, Plaintiff and Respondent,**

**v.**

**William R. BRANNOCK, dba Bill's Dairy Queen, Defendant, Third-Party Plaintiff and Appellant,**

**v.**

**Clifford WEBB, Third-Party Defendant.**

**No. 9627.**

Supreme Court of Utah.

Dec. 20, 1962.

Clarence J. Frost, Salt Lake City, for appellant.

35

L. M. Haynie, Salt Lake City, for respondent.

TUCKETT, District Judge.

The respondent commenced this action in the court below to recover for goods and merchandise it sold and delivered to the appellant. The lower court found in favor of the respondent and entered judgment in its favor. The appellant seeks to reverse that judgment.

During the period commencing May 15, 1959, and ending November 23, 1960, the respondent delivered to Bill's Dairy Queen in Salt Lake City goods consisting of paper and supplies.

The appellant was the proprietor of and operated the business known as Bill's Dairy Queen on May 15, 1959. On that date the appellant opened an account with the respondent, and the goods delivered by the respondent were charged to that account. The appellant claims that on or about October 30, 1959, he turned over the business to his employee, Clifford Webb, and that thereafter Webb operated the business on his own. Under the arrangement Webb was to pay the appellant a monthly rental for the equipment and to pay all other expenses of the business. The appellant contends that the respondent had notice of the change in business relationship between the appellant and Webb, in that the color of the bank checks used in the business was changed and that the respondent received checks signed by Webb. Sometime after Webb took over the operation of the business the respondent put the business on a C. O. D. basis.

■ The trial court found there was no notice, actual or constructive, of the transfer of the appellant's business to Webb. The court's finding is supported by the record and will not be disturbed here.

■■ The appellant claims that the trial court erred in admitting in evidence the ledger sheets, Exhibit 1, of the respondent's bookkeeping department. The appellant contends that a sufficient foundation was not laid for admission of the respondent's business records. Gerald R. Hyde testified that he was operational manager for the respondent; that the records were kept under his supervision. The witness testified as to the bookkeeping procedures and as to how the entries on the ledger were made. Without reciting all of the testimony pertaining to the foundation for the admission of the exhibit, it appears that a sufficient foundation was laid. It is the prerogative of the trial court to determine when such foundation is laid. State v. Davie, 121 Utah 189, 240 P.2d 265; see also Joseph v. W. H. Groves Latter Day Saints Hospital, 7 Utah 2d 39, 318 P.2d 330; In re Richards' Estate, 5 Utah 2d 106, 297 P.2d 542; Northcrest v. Walker Bank, 122 Utah 268, 248 P.2d 692; Clayton

**36**

v. Metropolitan Life Ins. Co., 96 Utah 331, 85 P.2d 819, 120 A.L.R. 1117.

The other assignments of error are without merit. The judgment is affirmed. Costs to the respondent.

WADE, C. J., and HENRIOD, McDONOUGH, and CROCKETT, JJ., concur.

CALLISTER, J., having disqualified himself, did not participate herein.