**Herman Leroy EMMET, Jr., Appellant,**

**v.**

**AMERICAN INSURANCE COMPANY, a corporation, Appellee.**

**No. 5137.**

District of Columbia Court of Appeals.

Submitted April 13, 1970.

Decided May 22, 1970.

Ellsworth T. Simpson, Washington, D. C., for appellant.

James K. Foley, Silver Spring, Md., for appellee.

Before HOOD, Chief Judge, and KELLY and NEBEKER, Associate Judges.

PER CURIAM:

In this action by the insurer of a former landlord against a former tenant for damages by fire allegedly caused by the tenant's negligence, the trial court admitted in evidence a report to the District of Columbia Fire Department by one of its fire investigators. The maker of the report was not present to testify, and the report was admitted as an official report made in the ordinary order of business. The report so received in evidence, for some unexplained reason, was not included in the record on appeal, but the record indicates that the report stated that the "apparent cause of fire" was "careless smoking ignited mattress." In finding against the tenant, the trial court made specific reference to the report and its indication of the cause of the fire.

The tenant claims admission of the report was error. We agree and apparently the insurer also agrees, for it states in its brief "the Court did not commit an error in admitting the fire marshal's report into evidence, but did commit an error in considering the conclusions or opinions of the fire marshal contained therein."

It is generally held that the report of an official of a fire department stating the apparent or probable cause of a fire is not admissible, because such opinion is usually based upon hearsay and often is mere speculation or conjecture. See, e. g., Behr v. County of Santa Cruz, 172 Cal. App.2d 697, 342 P.2d 987 (1959); Cawley v. Northern Waste Co., 239 Mass. 540, 132 N.E. 365 (1921); Hale v. Cole, 241 Mich. 624, 217 N.W. 898 (1928); Kansas City Stock Yards Co. v. A. Reich & Sons, Inc., 250 S.W.2d 692 (Mo.1952). There is nothing shown here to take the report out of the general rule.

In St. Lewis v. Firestone, D.C.Mun. App., 130 A.2d 317 (1957), we ruled that testimony by a fire investigator as to his opinion of the cause of a fire was inadmissible, as he admitted his opinion was only speculation. Placing such an opinion in an official report adds nothing to its evidentiary weight, and does not thereby entitle it to be admitted under the Federal Shop Book Rule. 28 U.S.C. § 1732. See New York Life Ins. Co. v. Taylor, 79 U.S.App.D.C. 66, 147 F.2d 297 (1945); Central R. R. v. Jules S. Sottnek Co., Inc., 258 F.2d 85 (2d Cir. 1958), cert. denied, 359 U.S. 913, 79 S.Ct. 588, 3 L.Ed.2d 574 (1959); Gilbert v. Gulf Oil Corp., 175 F.2d 705 (4th Cir. 1949); Christensen v. Gammons, D.C.App., 197 A.2d 450 (1964).

Reversed with instructions to grant a new trial.