STATE of Utah in the Interest of Kenneth Eugene MARQUEZ, a person under eighteen years of age.

No. 14571.

Supreme Court of Utah.

Feb. 7, 1977.

James T. Massey of Salt Lake County Bar Legal Services, Salt Lake City, for appellant.

Vernon B. Romney, Atty. Gen., Earl F. Dorius, Paul M. Tinker, Asst. Attys. Gen., Salt Lake City, for respondent.

HALL, District Judge.

This is an appeal from an order of the juvenile court committing a juvenile to the Utah State Industrial School upon a finding of guilt of the offense of burglary and theft.

The facts of this case are that the victim left his home in the morning at which time all windows and doors were secure. On his return that evening he discovered the back door had been forced open, the garage window had been pushed in and several items of value were missing from the living area. There was no entry possible to the living area from the garage. Two days later, the Salt Lake Police Department observed a latent print on the pushed in window and the same was lifted and compared with the fingerprint record of the juvenile previously on file and identified as his print.

The appellant presents two basic claims of error, (1) that a fingerprint record was admitted in evidence without sufficient foundation and (2) that the evidence was not sufficient to establish guilt beyond a reasonable doubt.

 As to the first claim of error, the record reveals that the fingerprint record was made on June 20, 1973, at a time when General Order No. 3, Rule 39, Utah Juvenile Court Rules of Practice and Procedure, was in effect and which did not require the destruction of such records. The testimony was that the record was made during the regular course of business, filed and ultimately removed from the file and identified by the witness at time of trial. Such is the showing required by U.R.E. 63(13) for the admissibility of a business record as an exception to the hearsay rule. It is the prerogative of the trial court to determine when such foundation is laid and sufficient showing of the credibility of the evidence is

established.[1]  The ruling of the trial court in this regard will not be overturned unless there is a showing of an abuse of discretion. The record in this case does not reveal such an abuse.

 In regard to the second claim of error, this court must view the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the decision reached below.[2]  The record is clear that a burglary and theft was actually committed, that a garage window was punched out on the same day and upon which the fingerprint was found.  The print was found to be that of the appellant who was unknown to the victim and no evidence was offered to explain the presence of the print at the crime scene.  Such evidence is substantial and supports the finding of guilt.

The judgment is affirmed.

ELLETT, MAUGHAN, CROCKETT and WILKINS, JJ., concur.

HENRIOD, C. J., does not participate herein.

---

1.  *State v. Davie,* 121 Utah 184, 240 P.2d 265 (1952).

2.  *State v. Sullivan,* 6 Utah 2d 110, 307 P.2d 212 (1957).