Richard M. **BARNEY**, Plaintiff
and Appellant,

v.

S. Tony **COX**, Director, Driver's License
Division, Defendant and Respondent.

No. 15543.

Supreme Court of Utah.

Dec. 7, 1978.

---

Robert Van Sciver, Salt Lake City, for plaintiff and appellant.

Robert B. Hansen, Atty. Gen., Bruce M. Hale, Asst. Atty. Gen., Salt Lake City, for defendant and respondent.

HALL, Justice:

Appeal from a de novo hearing in the district court resulting in an order reinstating the suspension of appellant's driver's license.

Appellant's license was suspended after excessive traffic violations under Utah's point system.[1] Subsequently, the suspension was extended[2] on two occasions for additional violations, including driving with a suspended driver's license. As provided by statute,[3] appellant demanded a de novo hearing in district court, to review the suspension of his license. He also sought a declaratory judgment[4] that U.C.A., 1953, 41–2–19 (Utah's "point system") is an unconstitutional denial of equal protection of the law. This appeal follows the district court's denial of the relief sought by appellant.

Appellant's claim as to denial of equal protection may be summarily disposed of. The law provides that all drivers are to be treated equally. By arguing that some drivers, (such as truck drivers), should be allowed more points than other drivers, appellant urges adoption of a system that would treat drivers unequally in his favor. Furthermore, the statutes regulating those who have been given the privilege of driving are designed to protect the *public*, not individual drivers. In answer to an equal protection attack on its point system made by a taxicab driver, the Municipal Court of Appeals for the District of Columbia made the following observations which we consider apropos to the facts here:

Nor can we agree that the operation of the 'Point System' discriminates against persons like petitioner whose employment requires that they drive much more frequently than the average person. It must be remembered that the purpose of the system is not to punish offending drivers but to protect the public. We think the Commissioners are well within the discretion vested in them if they regard a taxi driver who accumulates twelve points in six months as equally dangerous to the general public as the so-called average driver who collects twelve points in twelve months. The 'Point System' is not a game; it is a serious, intelligent, constructive attempt to promote traffic safety and to correct the deplorable disregard that some drivers display toward traffic regulations. If petitioner wishes to avoid accumulating points more frequently than the average driver, his course is clear: to obey the traffic regulations.[5]

The other points made on appeal challenge the use of computer printouts as evidence: (1) that they are inadmissible as hearsay; and (2) that even if admissible evidence, proper foundation was not laid for their admission at trial.

1. U.C.A, 1953, 41–2–19. "Points" are assessed against a driver for various moving traffic violations. The point level at which the department generally takes suspension action is 200, and at the time of appellant's suspension, he had accrued a total of 480 points.

2. U.C.A., 1953, 41–2–18.

3. U.C.A., 1953, 41–2–20.

4. U.C.A., 1953, 78–33–1 et seq.

5. *Glenn v. Commissioners of District of Columbia*, D.C.Mun.App., 146 A.2d 575, 576 (1958).

**698**

As to (1), we hold that computer printouts can be admitted to show a driver's accumulated point totals as an exception to the hearsay rule. One of the exceptions to hearsay rule,[6] provides as follows:

*Business Entries and the Like.* Writings offered as memoranda or records of acts, conditions or events to prove the facts stated therein, if the judge finds that they were made in the regular course of a business at or about the time of the act, condition or event recorded, and that the sources of information from which made and the method and circumstances of their preparation were such as to indicate their trustworthiness; [Emphasis added.]

Although a government agency is not a private business, it is a business in the sense that it must systematically keep records and make "entries." It is the *type of evidence* which will be excepted from the hearsay rule, not the type of *organization* (i. e., private or public) that is important. Although relatively few cases have involved this question, the courts have held such evidence admissible over objections that the computer printouts were not the best evidence of the public records in question, or that they violated the hearsay rule.[7]

As to (2), appellant cites *King v. State*[8] for the proposition that three things must be shown in order to lay a proper foundation for the admission of computer generated evidence:

(1) that the electronic computing equipment is recognized as standard equipment,

(2) the entries are made . . . at or reasonably near the time of happening of the event recorded, and

(3) the foundation testimony satisfies the court that the sources of information, method and time of preparation such as to indicate its trustworthiness and justify its admission.

We are convinced that such a test was met in this instance. Mr. Ernest Kyriopoulos, Chief Driver's License Examiner, testified that the computer was kept in the basement of the capitol building, that certain operators enter the records of conviction under code as soon as they are received and that the entries are verified and audited by another clerk for accuracy. He also testified that the whole process of receiving and storing the driving convictions was done under his control and supervision. After hearing the witness and viewing the printout exhibit, the trial judge held the foundation to be sufficient. We will not reverse that decision absent a clear showing of abuse of his discretionary power.[9]

The judgment of the lower court is affirmed.

ELLETT, C. J., and CROCKETT, MAUGHAN and WILKINS, JJ., concur.

---

6.  U.R.E., Rule 63(13). Although not specifically addressed herein, other subsections of Rule 63 may also apply as exceptions, including (15) Reports and Findings of Public Officials, and (17) Content of Official Record.

7.  71 A.L.R.3d 234 and cases cited therein.

8.  Miss., 222 So.2d 393, 398 (1969).

9.  *Carpenter Paper Co. v. Brannock*, 14 Utah 2d 34, 376 P.2d 939 (1962); *State etc., Marquez*, Utah, 560 P.2d 342 (1977).