**PROCON CORPORATION,**
**Plaintiff and Appellee,**

v.

**UTAH DEPARTMENT OF TRANSPOR-**
**TATION, Defendant and Appellant.**

**No. 920758–CA.**

Court of Appeals of Utah.

June 17, 1994.

Jan Graham and Leland D. Ford, Salt Lake City, for appellant.

Robert F. Babcock, Salt Lake City, for appellee.

Before BENCH, BILLINGS and GREENWOOD, JJ.

## OPINION

GREENWOOD, Judge:

The Utah Department of Transportation (UDOT) appeals from a judgment in favor of Procon Corporation (Procon) in the amount of $721,478 representing additional compensation for work Procon performed under a highway construction contract. We affirm.

## BACKGROUND

On March 11, 1986, UDOT and Procon executed a contract (the Contract) for the realignment of a defective section of State Highway 276 known as Clay Hills Pass in San Juan County, Utah. A subterranean slip had caused the road to shift. UDOT anticipated that further slippage could be avoided by cutting deeper into the hillside by means of a "sliver cut."[1] The material removed from the cut was to be used in setting fill for the new roadbed, which was moved farther into the hillside, and the balance of the removed material was to be disposed of in a waste area.

Prior to executing the Contract, UDOT prepared and provided plans and specifications for prospective bidders to utilize in preparing their bids. Procon relied on UDOT's plans and specifications in submitting its successful bid of $719,000. These plans and specifications designated the location of the waste area and also indicated that the slope of the sliver cut was to be at an angle of ½ to 1. UDOT, however, changed the location of the waste area after work on the project commenced. In addition, UDOT staked the slope of the sliver cut at an angle of 1 to 1 rather than ½ to 1, as stated in the plans and specifications.

The Contract stated that Procon was to complete the project within ninety working days. Procon actually worked seventy-one days beyond the contract period. The parties terminated the Contract effective January 1, 1987, with both parties reserving their rights under the Contract. Procon subsequently filed a claim with UDOT for additional compensation, which UDOT rejected.

In September 1988, Procon brought suit against UDOT, alleging that deviations from UDOT's original plans and specifications had caused Procon to incur additional expenses for which UDOT should be liable. After a bench trial, the trial court awarded judgment to Procon in the amount of $721,478. The trial court made the following findings of fact relevant to this appeal:

(1) The specified compacting requirements for the waste material meant a contract bidder could not anticipate placing the material anywhere other than as designated in the specifications.

(2) UDOT changed the location of the waste area after work commenced.

(3) UDOT mistakenly calculated the new location of the waste area as being contiguous to the originally designated location when it was not, in fact, contiguous.

(4) The changed location of the waste area was a significant modification of the plans.

(5) This modification resulted in significantly more expensive operations by Procon.

(6) Procon sent UDOT a letter notifying it that the changed waste area would increase its costs of performance.

(7) Even without the letter, UDOT had sufficient notice of Procon's claims.

(8) Although UDOT changed the sliver cut angle it did not issue an addend[um] to the plans and specifications before bidding took place reflecting the modification.

(9) The change in the sliver cut was a substantial change which resulted in a significant detriment to Procon.

1. The project required Procon to excavate into the existing cut face of a hillside along the road and to realign the highway in the cut section as well as to widen the fill as the roadway emerges from the cut. The cut section, referred to as a "sliver cut," increases in width as the roadway proceeds through the cut section.

(10) Procon requested extra time to complete the job but UDOT did not respond until Procon had left the job; as a result, Procon expedited work in an effort to meet the contract deadline.

(11) UDOT acknowledged that at least sixty additional days were warranted by the circumstances.

In addition, the trial court found Procon's expert witnesses more credible as to the amount of damages incurred. The trial court's damages award included $507,300 for the modification of the waste area location, $43,750 for the change in the sliver cut slope, and $33,000 for overtime costs.[2]

## ISSUES

UDOT appeals, claiming the trial court erred in (1) awarding additional compensation for the changed location of the waste area, (2) finding that the sliver cut angle was changed and awarding damages for that alleged modification, and (3) awarding damages for overtime pay. UDOT also claims that the judgment was excessive and was influenced by the trial court's passion or prejudice toward UDOT and its unwarranted sympathy toward Procon.

## ANALYSIS

### Damages for Changed Location of Waste Area

1. Notice of claim

■ UDOT contends that Procon failed to properly notify UDOT of its claim for additional compensation as required by the Contract, and that Procon is therefore barred from receiving any additional compensation for the changed location of the waste area. In pertinent part, Standard Specification Section 105.17 of the Contract states:

If, in any case, where the contractor deems that additional compensation is due him for work or material not clearly covered in the contract or not ordered by the engineer as extra work as defined herein, the contractor shall notify the engineer in writing of his intention to make claim for such additional compensation before he begins the work on which he bases the claim. If such notification is not given and the engineer is not afforded proper facilities by the contractor for keeping strict account of actual cost as required, then the contractor hereby agrees to waive any claim for such additional compensation.

UDOT claims Procon never gave either verbal or written notice that it intended to claim additional compensation for the changed waste area location. Procon claims, however, that it sent a letter dated April 14, 1986 to UDOT's project engineer, thereby complying with the notice requirement, stating that the change "will impact [Procon] significantly; therefore, [Procon] will have to keep track of costs and inform [UDOT] as to the impact at a later date once they have been determined." Hugh Kirkham, UDOT's project engineer, testified that UDOT's files did not contain the letter and that he had not seen the letter until preparing for trial.

At trial, Jim Didericksen, a principal of Procon, laid the foundation for admission of the letter. Mr. Didericksen testified that he spoke with the letter's author, Mr. Fillmore, concerning the letter. He further testified that Procon's normal business procedure was to maintain file copies of project correspondence, that a copy of the letter was in the "job notebook" for the project, and that he was custodian of Procon's records. He further testified that the copy of the letter was with other letters that had been written and mailed to UDOT in connection with this project. UDOT admitted it was aware of the letter no later than 1987 when Procon filed its claim for additional compensation with UDOT, which claim included the Procon letter. UDOT denied the claim but not on the basis of a failure to provide notice, as was asserted at trial. Rather, UDOT denied the claim on its merits, asserting that no additional compensation was justified by the change in the waste area location.[3] The trial

---

2. The trial court also awarded $116,000 for additional blasting expenses and $21,428 for amounts due under the Contract. UDOT does not appeal those awards.

3. Although the trial court did not reach the merits of the failure-to-provide-notice issue, UDOT's review of the possible merits of Procon's claim arguably waived Procon's obligation to conform

court ruled that Procon had laid an adequate foundation and admitted the letter under the business records exception to the hearsay rule.[4]

In *State v. Bertul*, 664 P.2d 1181 (Utah 1983), the Utah Supreme Court discussed the foundation requirements for admitting evidence under the business records exception. The court delineated the following four requirements for establishing sufficient reliability:

> (1) the record must be made in the regular course of the business or entity which keeps the records; (2) the record must have been made at the time of, or in close proximity to, the occurrence of the act, condition or event recorded; (3) the evidence must support a conclusion that after recordation the document was kept under circumstances that would preserve its integrity; and (4) the sources of the information from which the entry was made and the circumstances of the preparation of the document were such as to indicate its trustworthiness.

*Id.* at 1184. The court also noted that generally the records' custodian can provide the requisite foundation. *Id.*

We generally accord deference to a trial court's determination of whether an adequate foundation for admission of evidence "is laid and sufficient showing of the credibility of the evidence is established. The ruling of the trial court in this regard will not be overturned unless there is a showing of an abuse of discretion." *State ex rel. Marquez*, 560 P.2d 342, 342–43 (Utah 1977) (footnote

omitted); *accord State v. Pena*, 869 P.2d 932, 938 (Utah 1994); *State v. Sutton*, 707 P.2d 681, 684 (Utah 1985).

In this case, Mr. Diderickson's testimony addressed the *Bertul* factors, and the trial court could assess the credibility of that testimony and properly exercise its discretion in determining that the letter was sufficiently reliable to be admitted. We therefore conclude that UDOT has not demonstrated that the trial court abused its discretion by admitting the letter under the business records exception to the hearsay rule.[5]

**2. Damages for waste area expenditures**

■ UDOT also asserts that the trial court awarded excessive damages for the changed waste area. The trial court entered detailed findings of fact regarding the extra work necessitated by the change and considered expert testimony offered by both parties regarding reasonable compensation for that extra work, ranging from $3550 to $514,600.

To attack factual findings, "[a]n appellant must marshal the evidence in support of the findings and then demonstrate that despite this evidence, the trial court's findings are so lacking in support as to be 'against the clear weight of the evidence,' thus making them 'clearly erroneous.'" *In re Estate of Bartell*, 776 P.2d 885, 886 (Utah 1989) (quoting *State v. Walker*, 743 P.2d 191, 193 (Utah 1987)). In determining whether the trial court's findings of fact are clearly erroneous, "'due regard shall be given to the opportunity of the trial court to judge the credibility of the

---

to the Contract's strict notice procedures. *See Chaney Bldg. Co. v. Sunnyside Sch. Dist. No. 12*, 147 Ariz. 270, 709 P.2d 904, 907 (Ariz.App.1985) (holding that when owner "undertook to determine and decide the merits of the claim supporting the request ... a [court] could infer [it] waived strict compliance with the 7–day written notice provision").

4. Rule 803(6) allows for admission of records of regularly conducted business activities when certain requirements are met.

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the

course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, or record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. Utah R.Evid. 803(6).

5. Because we conclude that the trial court did not err in admitting the letter, we also conclude that the trial court correctly found that Procon gave actual notice. As a result, we do not address Procon's additional argument that written notice is unnecessary pursuant to the holding in *Thorn Construction Co. v. UDOT*, 598 P.2d 365, 369–70 (Utah 1979).

witness.'" *Bailey v. Call,* 767 P.2d 138, 139 (Utah App.) (quoting Utah R.Civ.P. 52(a)), *cert. denied,* 773 P.2d 45 (Utah 1989). "If the appellant fails to marshal the evidence, the appellate court assumes that the record supports the findings of the trial court and proceeds to a review of the accuracy of the lower court's conclusions of law and the application of that law in the case. *Saunders v. Sharp,* 806 P.2d 198, 199 (Utah 1991).

UDOT has failed to marshal the evidence supporting the trial court's findings regarding the changed location of the waste area and the resulting additional expenses incurred by Procon, much less demonstrate that those findings are contrary to the evidence. Particularly striking is the trial court's finding that not until trial was well underway did UDOT's representatives closely examine the maps, plans, and specifications, and acknowledge that the new location was not contiguous to the original location, as they had earlier maintained. UDOT has failed to demonstrate that the trial court's findings, made after considering all the testimony and evidence, are clearly erroneous. We find no abuse of discretion by the trial court in its findings and award of damages stemming from UDOT's change of the waste area location.

## Sliver Cut Angle Damages

■ UDOT contends that the trial court erroneously awarded Procon damages for costs incurred as a result of a change in the slope angle of the sliver cut. UDOT alleges that the trial court mistakenly found, based on Mr. Didericksen's testimony, that Procon was not told by UDOT to bid the project assuming a sliver cut angle different than as set out in the plans and specifications. UDOT's representatives testified that during an on-site visit prior to bidding, UDOT told Procon officials to bid assuming a 1 to 1 sliver cut angle, notwithstanding contrary specifications.

As stated previously, in order to challenge findings of fact an appellant must marshal all the evidence the court could have relied upon to support its findings and then demonstrate that the evidence is legally insufficient to support the findings even when viewed in the light most favorable to the trial court. *Reid v. Mutual of Omaha Ins. Co.,* 776 P.2d 896, 899 (Utah 1989). Furthermore, the supreme court has recently noted that

"[t]his standard is highly deferential to the trial court because it is before that court that the witnesses and parties appear and the evidence is adduced. The judge of that court is therefore considered to be in the best position to assess the credibility of witnesses and to derive a sense of the proceedings as a whole, something an appellate court cannot hope to garner from a cold record."

*State v. Pena,* 869 P.2d 932, 936 (Utah 1994) (quoting *In re J. Children,* 664 P.2d 1158, 1161 (Utah 1983)).

UDOT has not marshaled the evidence supporting the trial court's finding regarding this issue, much less demonstrated that it is clearly erroneous. Accordingly, UDOT has not met its burden for overturning the factual findings of the trial court as to the change in the sliver cut angle and the damages related thereto. UDOT has essentially reargued the factual case below, "largely ignoring the evidence supportive of the trial court's findings." *In re Estate of Bartell,* 776 P.2d 885, 886 (Utah 1989). The trial court exercised its discretion in according more credibility to Procon's witnesses than to UDOT's and UDOT has not demonstrated an abuse of that discretion.

## Overtime Damages Award

■ UDOT argues that the trial court erred by finding that Procon is entitled to $33,000 in damages for overtime paid as a result of trying to timely complete the Contract. The trial court found that during the course of performance of the Contract, Procon submitted requests to UDOT for additional time to complete the work. While acknowledging that additional time was justified, UDOT failed to grant any of Procon's requests for additional time. Because UDOT did not grant any extensions while Procon was still working on the project, Procon had its employees work overtime in an effort to finish the project as quickly as possible to avoid liquidated damage penalties as provided by the Contract. At trial, UDOT ac-

knowledged that Procon was entitled to at least sixty additional days to perform the project. The trial court found that UDOT should not be allowed to assess liquidated damages against Procon and that Procon was entitled to recover the overtime paid as a result of attempting to timely complete the project because of unexpected and unanticipated changes required by UDOT. Because there is substantial evidence supporting the court's findings in the record we find no abuse of discretion and affirm the award for overtime pay.

### Trial Court's Motivation

UDOT alleges that the trial court's judgment was influenced by passion or prejudice toward UDOT and by unwarranted sympathy toward Procon.[6] However, UDOT has failed to demonstrate from the record that the trial court was motivated by any improper factors or harbored any personal animus against UDOT or favoritism toward Procon. *See Haslam v. Morrison,* 113 Utah 14, 19–20, 190 P.2d 520, 523 (1948) (stating that improper bias may exist when trial court is hostile to or unduly favors one of litigants). Further, our review of other objective criteria in this case does not indicate prejudice on the part of the trial court. For example, "[t]he amount awarded ... is not so disportionate [sic] as to indicate that passion or prejudice influenced the [trial court's] decision." *Whitney v. Walker,* 25 Utah 2d 202, 206, 479 P.2d 469, 471 (1971). Although the amount awarded is large in relation to the original contract amount, the evidence supports the court's findings that post-contract changes and circumstances were significant. Finally, "[t]he fact that a judge may have an opinion

as to the merits of the case or that he has strong feelings about the type of litigation involved, does not make him biased or prejudiced." *Haslam,* 190 P.2d at 523. Accordingly, we find no merit to UDOT's assertion that the trial court was improperly prejudiced.

### CONCLUSION

Procon laid an adequate foundation for admission of the letter establishing that Procon gave proper notice to UDOT of its claim for additional compensation because of the changed location of the waste area. Procon was entitled to damages for the change in angle of the sliver cut from that originally designated in the plans and specifications. The trial court's award of damages for the changes in both the waste area location and the sliver cut was supported by the evidence and was not excessive. Under the circumstances of this case, the trial court did not abuse its discretion in awarding damages for overtime pay incurred. UDOT has not met its burden to demonstrate improper motivation by the trial court in its decision in this matter. We therefore affirm the trial court's judgment in favor of Procon and against UDOT.

BENCH and BILLINGS, JJ., concur.

---

6. UDOT filed a post-trial motion pursuant to Rule 59 of the Utah Rules of Civil Procedure. Subsection (5) of this rule provides that an amended judgment may be sought on the grounds of "[e]xcessive or inadequate damages, appearing to have been given under the influence of passion or prejudice." After a hearing on the motion, the trial court rejected UDOT's argument on this point, stating that it had based the judgment on the evidence and harbored no bias for or against Procon.