### STATE of Maine

v.

### Richard W. BOYER.

Supreme Judicial Court of Maine.

Oct. 13, 1978.

William P. Donahue, Dist. Atty., Joseph A. Wannemacher (orally), Asst. Dist. Atty., Alfred, for plaintiff.

Ina H. Hawley, Cornish (orally), for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, DELAHANTY, GODFREY and NICHOLS, JJ.

PER CURIAM.

The defendant appeals from a judgment of the Superior Court, York County, finding him guilty, after a jury verdict, of attempted burglary, 17–A M.R.S.A. §§ 152 and 401. The sole issue on appeal is whether the State introduced evidence sufficient to establish each element of the crime. We deny the appeal.

The defendant did not move for a judgment of acquittal at the close of all of the evidence, M.R.Crim.P. 29(a), or after verdict, M.R.Crim.P. 29(b), nor did he move for a new trial, M.R.Crim.P. 33. The defendant's consequent failure to present the sufficiency issue to the presiding Justice

---

radically narrows the scope of appellate review to the "manifest error-serious injustice" rubric. *State v. Smith,* Me., 389 A.2d 314, 315 (1978).

The testimony, taken in the light most favorable to the jury's verdict, *State v. Smith,* Me., 382 A.2d 40 (1978), indicates that the defendant was discovered by police at about midnight at the rear of a small variety store in Sanford. The rear storm door was broken, its screen was torn off, and its sash had been removed. A window was broken, and the defendant had cuts on his arm and a cloth wrapped around his hand. At trial, the defendant took the stand and explained that he had been highly intoxicated, that he had gone behind the building to relieve himself, and that he had blacked out and damaged the premises in his fall. Obviously disbelieving his story, the jury returned a guilty verdict, and this appeal followed.

The defendant now argues that the evidence introduced by the State was insufficient to establish the elements of the crime charged. Attempted burglary is established on these facts by proving that the accused attempted to enter a structure while intending to commit a crime therein. We have repeatedly held that both elements—attempted entry and intent—can be established by circumstantial evidence. *State v. Maples,* Me., 343 A.2d 583, 586 (1975); *State v. York,* Me., 324 A.2d 758, 769 (1974). In neither of the above-cited cases was the circumstantial evidence significantly stronger than that introduced here. Indeed, the case at bar is virtually on point with *York,* where evidence indicating that defendants had damaged the rear door of a restaurant late at night was held sufficient to sustain convictions of attempted breaking and entering with intent to commit larceny,[1] 17 M.R.S.A. §§ 251 and 754.

In the case at bar, the lateness of the hour, the damage to the rear storm door, the broken screen and window, and the corresponding cuts on the defendant's arm, taken together, established a strong circumstantial case. After evaluating the testimony and the reasonable inferences to be drawn therefrom, we conclude that the jury, which was properly instructed on all relevant aspects of the law, was justified in returning its guilty verdict. There is certainly no manifest error or serious injustice.

The entry is:

Appeal denied.

Judgment affirmed.

ARCHIBALD, J., did not sit.

---

1. The indictment in the instant case alleged that Boyer intended to commit the crime of theft.