**STATE of Maine**

v.

**Walter J. BROCHU.**

Supreme Judicial Court of Maine.

July 3, 1979.

John R. Atwood (orally), Dist. Atty., Patricia Goodridge Worth, Intern, Rockland, for plaintiff.

Edward B. Miller, Rockland (orally), for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK and GODFREY, JJ.

PER CURIAM.

Defendant was charged by complaint with three motor vehicle violations,[1] accorded a consolidated jury trial, and found guilty of each offense. Following the entries of judgments of conviction, the defendant has appealed. Despite his failure to move for judgments of acquittal pursuant to either Rule 29(a) or (b), M.R.Crim.P., or to move for a new trial pursuant to Rule

---

1. Operating a motor vehicle after legal suspension of his right to do so. 29 M.R.S.A. § 787(7); operating a motor vehicle while under the influence of intoxicating liquor. 29 M.R.S.A. § 1312(10)(A); failing to stop a motor vehicle upon signal of a law enforcement officer. 29 M.R.S.A. § 2121.

33, M.R.Crim.P., defendant's only argument on appeal is premised on the claimed insufficiency of the evidence. Our review, therefore, is limited to searching the record for "obvious errors or defects affecting [the defendant's] substantial rights." Rule 52(b), M.R.Crim.P.; *State v. Boyer*, Me., 392 A.2d 41, 42 (1978). We have done so and find no such error.[2]

The entries are:

Appeals denied.

Judgments affirmed.

DELAHANTY and NICHOLS, JJ., did not sit.

---

2. Defendant admitted he had no right to operate motor vehicles, that he was "inebriated" at the time and that he was aware of the pursuing officer's signal to stop. He denied the operation of the motor vehicle and argued before the Law Court (as he had before the jury) that the officer's testimony was unbelievable. The jury's rejection of this argument was rational.