STATE of Utah, Plaintiff and
Respondent,

v.

Phillip Paul LAROCCO, Defendant
and Appellant.

No. 18267.

Supreme Court of Utah.

May 23, 1983.

Nancy Burgeson, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Steve Mikita, Salt Lake City, for plaintiff and respondent.

PER CURIAM:

The defendant was convicted of the theft of an $80,000 truck.[1] He urges insufficiency of evidence to identify him as the thief, and points to claimed unfair "lineups" and "arrays of photographs" to support his contention. No objection was made to any such evidence admitted or its insufficiency so that his point on appeal in this respect is not before us. In *State v. McCardell,*[2] we cited with approval a Kansas case,[3] which held as follows:

> The . . . rule long adhered to in this state requires timely and specific objection to admission of evidence in order for the question of admissibility to be considered on appeal . . . . By making use of the rule, counsel gives the trial court the opportunity to conduct the trial without using the tainted evidence, and thus avoid possible reversal and a new trial. Furthermore, the rule is practically one

---

1. In violation of U.C.A., 1953, § 76–6–404, a second degree felony.

2. Utah, 652 P.2d 942 (1982).

3. *State v. Moore,* 218 Kan. 450, 543 P.2d 923 (1975).

of necessity if litigation is ever to be brought to an end.

Defendant suggests that we should review the points anyway, because the record shows palpable denial of constitutional rights of due process.[4] The claim has no support in the record at all and, in any event, such point fully is rejected by our recent case of *State v. Wilson.*[5] We cannot subscribe to counsel's suggestion that *Wilson* be overruled in the interest of his claim of prejudiciality.

■ The defense's point that the method used to identify defendant suggested prejudice, is not borne out by the record. The witness indicated a clear recollection of defendant at every juncture, whether confronted in a line-up, or chosen from an array of photos of persons that had some similar physical features. The circumstances of this case call for the admissibility of the evidence under the test laid down in *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), to assure the truthfulness of the facts asserted.

■ Defendant's claims of error in refusing to give a requested instruction on identification, and one on "reasonable alternative hypothesis" are without merit. The first was covered amply in the instructions given, and the second was unnecessary. An instruction on reasonable alternative hypothesis is not required, even when the evidence is solely circumstantial.[6] Nevertheless, in this case direct evidence was admitted as to loaning defendant the keys to test the vehicle, the possession of the truck by defendant, and the fact it was never found thereafter.

The evidence further showed that the prosecution followed the order to deliver exculpatory evidence, which resolves defendant's claim of error in this respect.

The verdict and judgment are affirmed.

STEWART, J., concurs in the result.

4. For the exceptional circumstances where this Court will correct error in the absence of objection, see *State v. Cobo,* 90 Utah 89, 60 P.2d 952 (1936).

5. Utah, 608 P.2d 1237 (1980).

6. *State v. Eagle,* Utah, 611 P.2d 1211 (1980); *State v. Lamm,* Utah, 606 P.2d 229 (1980); *State v. Schad,* 24 Utah 2d 255, 470 P.2d 246 (1970).