The STATE of Utah, Plaintiff and Respondent,

v.

Julie Lee SUTTON, Defendant and Appellant.

No. 19819.

Supreme Court of Utah.

Oct. 2, 1985.

Fred Wasilewski, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., J. Stephen Mikita, Salt Lake City, for plaintiff and respondent.

DURHAM, Justice:

The defendant appeals from a conviction of theft under U.C.A., 1953, § 76-6-404 (1978).

The defendant was the office manager for a division office of Utah's Adult Probation & Parole agency from 1981 to 1983.

As office manager, the defendant kept financial records reflecting the amounts paid by probationers into various funds maintained by the agency. A routine audit by the state auditor conducted in March of 1983 uncovered a difference of over $10,-000 between amounts received by the agency in cash and amounts ultimately deposited in the bank.

The agency used a simple accounting system. Probationers paid restitution or fines at the front desk with cash, money orders, or checks. The person supervising the desk took the money from the probationer and wrote a receipt. The receipt forms were in triplicate; of the two receipts not given to the probationer, one was stapled to the cash or check received and placed in a drawer and the other was kept in sequential order in the receipt machine. The money and receipts placed in the drawer were transferred to the defendant at the end of each day.

The defendant separated the money and the receipts and totalled the amount received, prepared a deposit slip, and deposited the money in the bank. The defendant was also responsible for recording the amounts paid to the restitution fund on a general ledger, crediting the amount paid on a ledger card for each probationer, and reconciling the agency's records with its bank statements.

The auditors discovered that cash was missing in $100 increments and that the books had been manipulated to reconcile with the bank statements. Evidence at trial indicated that no one other than the defendant posted receipts to the ledger cards or reconciled the bank statements and that only in the defendant's absence did anyone else prepare the daily deposits.

On appeal, the defendant assigns error on two grounds: the trial court's refusal to give a jury instruction on "reasonable alternative hypothesis" although the prosecution's case was based on circumstantial evidence; and the court's admitting into evidence the books and records of the agency over the defendant's objection that they

were hearsay. Neither assignment of error warrants reversal.

■ Although the trial judge declined to give an instruction to the effect that the defendant could not be found guilty unless the jury had considered and dismissed all other reasonable hypotheses, he did give an instruction on reasonable doubt. The reasonable doubt instruction was sufficient. The only requirement for a jury instruction regarding circumstantial evidence in a criminal case is that the jury be instructed regarding the prosecution's burden of proof. *State v. Clayton*, Utah, 646 P.2d 723, 724–25 (1982). This requirement may be satisfied by either a "reasonable doubt" or a "reasonable alternative hypothesis" instruction. *Id.* at 725. Thus, while the defendant was entitled to have the jury informed about the prosecution's burden of proof, a reasonable alternative hypothesis instruction was not a matter of right. *See State v. Larocco*, Utah, 665 P.2d 1272, 1273 (1983) (per curiam).

■ We turn next to the defendant's contention that the books and records of the parole division were inadmissible hearsay. The defendant's brief does not explain which books or records were objectionable, and there are no citations to the record therein. This failure to satisfy Rule 75(p)(2)(2)(d) of the Utah Rules of Civil Procedure is itself grounds for our affirmance of the trial court's ruling. *State v. Tucker*, Utah, 657 P.2d 755, 756–57 (1982). The transcript indicates that the defendant objected to the admission of several distinct groups of records: the cash receipts written to probationers by the agency; the bank deposits and accompanying calculator tapes; and other "documentation," apparently the general and individual ledger cards upon which amounts paid into the restitution fund were recorded. The admissibility of each category of records must be considered separately because the records were offered for different purposes at trial. The basis of the State's case was the discrepancy between the amounts of money actually received by the agency, as indicated by the receipts, and the amounts actually deposited in the bank, as proved by the bank's records, to which the defendant did not object at trial. Considered in this context, the purposes for which the various records were admitted become apparent.

## I. Receipts

■ Rule 802, Utah R.Evid., prohibits the admission of hearsay statements into evidence. A hearsay statement is defined as a statement "other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Utah R.Evid. 801(c). The receipts given to probationers by the agency fall within this definition. The receipts are written assertions that stated amounts of money were received from the named probationers and were offered as proof of the amounts various probationers had actually paid to the agency. The receipts are, however, admissible under the business records exception to the hearsay rule. Utah R.Evid. 803(6) allows for the admission of records of regularly conducted activities when certain additional requirements are met. The records of a government agency can fall under the business records exception if a proper foundation is laid. *See Barney v. Cox*, Utah, 588 P.2d 696, 698 (1978). The foundational requirements for business records are set forth in Rule 803(6):

> Records of regularly conducted activity. A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation....

■ This foundation must be laid by the testimony of the custodian or other qualified witnesses. The rule requires the court to reject the record if the source of the information or method or circumstances of

its preparation indicate a lack of trustworthiness. *Id.* The trial judge is given great deference on the issue of the adequacy of foundation. In *In re Marquez*, Utah, 560 P.2d 342 (1977), this Court stated: "It is the prerogative of the trial court to determine when such foundation is laid and sufficient showing of the evidence is established. The ruling of the trial court in this regard will not be overturned unless there is a showing of an abuse of discretion." *Id.* at 342–43 (footnote omitted).

In the instant case, the defendant has not demonstrated that the trial judge abused his discretion. The receipt-keeping process was explained by the regional director of field operations for the Division of Corrections, who supervised the central office and was familiar with its record-keeping procedures. The trial judge's acceptance of this testimony was not an abuse of discretion. Further, the circumstances surrounding the preparation of the receipts indicate a high degree of trustworthiness. The probationer making payments was immediately given one copy of the receipt; therefore, it is unlikely that any error in recording the amount received would have gone unnoticed. The defendant did not claim at trial and does not now assert that the receipt copies retained by the agency had been altered.

II. *Bank Reconciliations and Ledger Cards*

 The other agency records offered by the State are not hearsay because they were not offered to prove the truth of the matters they assert; rather they were offered simply to show their condition and their contents. *See State v. Hutchison,*

Utah, 655 P.2d 635, 636 (1982); *Reynolds v. Alton & S.R.R.*, 115 Ill.App.3d 88, 98, 70 Ill.Dec. 929, 937, 450 N.E.2d 402, 410 (1983). The bank reconciliations were not presented as an accurate reflection of the state of the agency's bank balance as of the date of the statement. They were offered to show that they indicated a perfect reconciliation of bank and agency records when such a reconciliation was impossible if the receipts and bank records were accurate. Likewise, the ledger cards upon which the defendant recorded amounts paid by probationers were not entered to prove the amounts probationers had paid. They were used to indicate that amounts less than those appearing on corresponding receipts had actually been credited to the probationers' accounts. In short, the other records under the defendant's control were offered because the jury might reasonably infer that they had been manipulated by the defendant. They were not offered as proof of the matters asserted by them and therefore were not hearsay under Utah R.Evid. 801(c).

The decision of the trial court is affirmed.

HALL, C.J., and HOWE and ZIMMERMAN, JJ., concur.

STEWART, J., concurs in the result.