Belknap
No. 85-450

### THE STATE OF NEW HAMPSHIRE

v.

### EDWARD FENNELL, JR.

July 29, 1986

*Stephen E. Merrill*, attorney general (*Bradford W. Kuster*, assistant attorney general, on the brief), by brief for the State.

*Joanne Green*, assistant appellate defender, of Concord, by brief for the defendant.

### MEMORANDUM OPINION

The defendant appeals from a conviction on four counts of aggravated felonious sexual assault. RSA 632-A:2, XI (Supp. 1983). The defendant challenges (1) the Trial Court's (*Murphy*, J.) failure to grant a mistrial because of alleged discussions between jurors outside of the presence of the remainder of the jury panel; and (2) the sufficiency of the evidence concerning one of the counts of aggravated felonious sexual assault. The defendant was sentenced to terms of 7-1/2 to 15 years on each of three counts, to run concurrently, and to one term of 3-1/2 to 7 years, to run consecutively. We find no error and affirm.

The defendant was charged with four assaults on three separate occasions involving three victims. Two of the victims were eleven years old, and one victim was seven years old, at the time of the assaults. The three girls and the fifteen-year-old brother of one of the girls testified about various sexual assaults perpetrated by the defendant. The jury found the defendant guilty, and he appealed.

We turn first to the issue of whether the court properly refused to grant a mistrial. The jury began deliberations on the afternoon of April 10, 1985. When a verdict was not reached by 5:15 p.m., the

jury was released to go home. The next day, the defendant moved for a mistrial based on the assertion that a member of the defendant's family had overheard two jurors talking as they were leaving the building the previous evening. The alleged conversation involved one juror who stated to the other: ". . . when we were children, we didn't do . . . ," and then said, "[h]ere comes the family." The trial judge did not conduct a hearing to determine the way in which this conversation was overheard, nor was any testimony offered concerning the conversation. The motion was denied.

■■ The trial court has broad discretion to resolve questions of possible prejudice on the part of jurors at any time during the course of a trial. *See State v. Pugliese*, 122 N.H. 1141, 1147, 455 A.2d 1018, 1022 (1982). The trial court had repeatedly warned the jurors against discussing the case outside of the jury deliberation room. We conclude that the conversation in question was not prejudicial on its face. The conversation was at most ambiguous in that it could or could not have referred to the case against the defendant, and the trial court was not presented with any "evidence that justice would not be done if the trial continued." *State v. Thresher*, 122 N.H. 63, 74, 442 A.2d 578, 584 (1982). We hold that the trial court properly exercised its discretion in denying the motion for a mistrial based on the alleged conversation.

The State argues, and the defendant concedes, that the defendant failed to preserve the issue of the sufficiency of the evidence at trial. Hence, the defendant would ordinarily be barred from raising this issue on appeal. *State v. Bell*, 125 N.H. 425, 429, 480 A.2d 906, 909 (1984). The defendant urges us, however, to adopt the standard set forth in *State v. Boyer*, 392 A.2d 41, 42 (Me. 1978), which permits an appellate court to consider claims not raised at trial in order to correct "manifest error" or "serious injustice." The defendant has made no compelling claim to such error or injustice here, and we thus decline to address the issue.

*Affirmed.*