**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Gregory FOSDICK,
Defendant–Appellant.**

**No. 15700.**

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 31, 1989.

No appearance for plaintiff-respondent.

Elizabeth Clarke, Columbia, for defendant-appellant.

GREENE, Judge.

After trial by court, Gregory Fosdick was found guilty of the misdemeanor offense of driving while his operator's license was revoked, in violation of § 302.321,[1] and was sentenced to three months' confinement in the county jail as punishment for the crime. Fosdick appeals, claiming the evidence was insufficient to sustain the conviction. The State did not choose to file a respondent's brief challenging such claim.

Viewed in the light most favorable to the State, the evidence was that on February 13, 1988, while on patrol, Sergeant Doug Dickey of the Carthage, Missouri Police Department, noticed a pickup truck being driven in an erratic manner, veering back and forth across the center line. Dickey, who suspected the driver of the pickup was intoxicated, started to follow it. The pickup sped away, and eventually left the city limits of Carthage, and proceeded on into Jasper County, where it eventually stopped. The driver, who was Fosdick, fled on foot, but was eventually captured by Dickey and taken to the Carthage Police Department headquarters. After a police dispatcher ran a "computer check," Dickey cited Fosdick for "Driving While Revoked," which was followed by the filing of the charge in question.

■ While Fosdick's attorney on appeal spends all of her time questioning Dickey's right to arrest Fosdick at a point beyond the Carthage city limits, a more fundamental reason exists for our belief that the conviction in question cannot stand. It is elemental that the State has the burden of proving each and every element of a criminal offense, and that failure to meet that burden mandates the reversal of any conviction obtained under those circumstances. *State v. Johnson,* 741 S.W.2d 70, 73 (Mo. App.1987). The information charging Fosdick with the offense in question reads as follows:

The Prosecuting Attorney of the County of Jasper, State of Missouri, charges that the defendant, in violation of Section 302.321, RSMo., committed the Class A Misdemeanor of driving while license revoked, punishable upon conviction under Section[s] 558.011.1(5), 560.016.1(1) & 302.321, RSMo., in that on or about February 13, 1988, in the County of Jasper, State of Missouri, the defendant drove a motor vehicle on a highway, to-wit: old Highway 66, West of Carthage, Missouri, after his operator's license was revoked under provision of Sections 302.010 to 302.340.

■ The two elements required to be proven by the State to justify a conviction on the allegations of the information are that (1) Fosdick was driving the truck, and (2) his operator's license had been revoked and was still in a state of revocation at the time he was arrested by Sergeant Dickey. There was evidence that Fosdick was driving the pickup, in that Dickey, at trial, positively identified him as the driver. However, we have searched the record in vain for evidence proving the revocation of Fosdick's operator's license. The only testimony remotely concerning this issue came during the questioning of the arresting officer by the prosecutor when the following exchange occurred:

Q. All right. After he was subdued by you and, I believe, Officer Evans, was he transported someplace?

A. Yes, sir. I transported him to the Carthage Police Department.

Q. And were there any checks or anything made concerning his license, driving license?

A. Yes, sir. A computer check was performed by the dispatcher, and it was found that, according to—

MR. SPRADLING: I object to any hearsay, Your Honor.

MR. CRAWFORD: All right.

BY MR. CRAWFORD:

Q. After the computer check was run, did you subsequently issue a citation for driving while revoked?

A. Yes, sir. I did.

Q. Okay. And—

1. Unless otherwise indicated, all references to statutes are to RSMo 1986, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

MR. CRAWFORD: I believe that's all.

THE COURT: You may cross-examine.

After the witness finished his testimony, the following exchange occurred between the trial judge, prosecutor, and defense counsel:

[MR. CRAWFORD:] Your Honor, at this time, we'd offer into evidence State's Exhibit 2 in accordance with the relevance to cases of statute.

THE COURT: Have you had an opportunity to look through this document?

MR. SPRADLING: I'm sure it's certified and correct—

THE COURT: Don't you think he needs to wait in the hall?

MR. CRAWFORD: I don't intend to call him. Are you going to call him?

MR. SPRADLING: Who's that?

THE COURT: But he might—I think probably, for safety sake, if you don't mind waiting out in the hall, please.

MR. CRAWFORD: That's fine.

THE COURT: Do you have any other witnesses after you offer this document?

Why don't we go off the record while he reviews this document.

THE COURT: Okay. You've reviewed the document?

MR. SPRADLING: Yeah.

THE COURT: It's been offered. It will be admitted.

(AT THIS TIME STATE'S EXHIBIT NO. 2 WAS RECEIVED IN EVIDENCE AND WAS MADE A PART OF THIS RECORD.)

THE COURT: Do you rest?

MR. CRAWFORD: Yes.

■ There is nothing in the record to indicate what Exhibit 2 actually was, nor has it been filed here by either party to the appeal, even though Rule 30.05 requires that such be done. On the basis of the record submitted to us, we hold that there is nothing in the record on appeal that proves Fosdick's operator's license had been revoked and, therefore, the State has not proved one of the two vital elements of its case.

■ While the issue of lack of proof of revocation was not mentioned in Fosdick's brief filed here, that fact has no bearing on our duty to review for plain error matters affecting substantial rights that result in a miscarriage of justice or manifest injustice. Rule 30.20; *State v. Sidebottom*, 753 S.W.2d 915, 920 (Mo. banc 1988), cert. denied, —— U.S. ——, 109 S.Ct. 515, 102 L.Ed.2d 550 (1988). If the evidence presented in a criminal case is not sufficient to sustain the conviction, plain error affecting defendant's substantial rights is involved resulting in manifest injustice. *State v. Dayton*, 535 S.W.2d 479, 491 (Mo. App.1976). Such is the case here.

■ The judgment of conviction is reversed. Since the double jeopardy clauses of the United States and Missouri Constitutions preclude a second trial, once the reviewing court finds the evidence introduced at the first trial to be legally insufficient, remand for a new trial is not appropriate. *State v. Furne*, 642 S.W.2d 614, 617 (Mo. banc 1982).

The defendant is ordered discharged.

CROW, P.J., concurs, and files concurring opinion.

HOLSTEIN, C.J., dissents and files dissenting opinion.

CROW, Presiding Judge, concurring.

I concur fully in the principal opinion, and write only to register the observation that Exhibit 2 may well have demonstrated that Fosdick's motor vehicle operator's license was in revocation status at the time of the incident in question, hence the evidence at trial may have been sufficient to support the conviction. If that be true, the trial court is reversed here through no fault or error of its own, but solely because of the State's dereliction in failing to ensure that the record on appeal was complete. Why the State would prosecute the case to conclusion in the trial court, then ignore the appeal by filing no brief and allowing the case to be submitted on an incomplete record is puzzling.

HOLSTEIN, Chief Judge, dissenting.

I respectfully dissent. Rule 30.05 provides in part:

Any exhibits not filed on or before the day of argument may be considered by the court as immaterial to the issues on appeal. If the case is taken under submission without oral argument, exhibits shall be filed with the clerk within five days after the case is taken under submission.

A defendant has the obligation to see to it that the record is complete, including the duty to file exhibits. *State v. Richter*, 647 S.W.2d 513, 520 (Mo. banc 1983); *State v. Dodson*, 556 S.W.2d 938, 947 (Mo.App. 1977). Without Exhibit 2 the defendant has only presented a partial record of the evidence. From this partial record we know that Exhibit 2 was admitted in evidence. Its content may or may not show that defendant's operator's license was revoked. To find the evidence is insufficient, we must presume the contents of Exhibit 2 did not disclose that defendant's license was revoked. I find no rule, and research discloses no case, which accords an appellant such a favorable presumption. At best, we are to treat the absent exhibit as immaterial to the issues on appeal. The court of appeals is not to presume error which the record does not affirmatively show. *State v. Hendrix*, 646 S.W.2d 830, 834 (Mo.App.1982). In civil cases, absence of apparently important exhibits results in a presumption that its contents are favorable to the judgment entered and not favorable to an appellant. *Wykle v. Colombo*, 457 S.W.2d 695, 700 (Mo.1970). The rules relating to the filing of exhibits in civil and criminal cases are almost identical. *Compare* Rule 30.05 *with* Rule 81.15.

I share the majority's frustration with both the defendant and the state in failing to provide us with the exhibit. However, the cases cited lead me to a conclusion opposite that expressed by the majority. Accordingly, I dissent.