Grafton
No. 89-423

THE STATE OF NEW HAMPSHIRE

v.

JOHN STEPHEN MCADAMS

July 24, 1991

446

*John P. Arnold,* attorney general (*Peter G. Beeson,* senior assistant attorney general, on the brief, and *Cynthia White,* assistant attorney general, orally), for the State.

*W. Kirk Abbott, Jr.,* assistant appellate defender, of Concord, by brief and orally, for the defendant.

THAYER, J.   The defendant, John Stephen McAdams, was tried before a jury in the Superior Court (*Smith,* J.) on charges of arson and escape. He was acquitted on the arson charge and convicted on the escape charge. The defendant failed at trial to challenge, either by an appropriate motion or by a contemporaneous objection, the sufficiency of the evidence on the escape charge, but he argues that he should be entitled to raise the issue for the first time on direct appeal. The defendant, assuming a holding in his favor on the preservation issue, then asserts that no rational trier of fact could have found beyond a reasonable doubt that he had a "conscious object" to escape. We hold that because the defendant failed to raise the insufficiency of the evidence claim at trial, the issue is not procedurally preserved for appellate review and thus is not properly before this court. Accordingly, we affirm the conviction.

In support of his position on appeal, the defendant argues, first, that the contemporaneous objection rule, N.H. R. Ev. 103(b)(1), is not applicable to a sufficiency of the evidence claim because the rule applies only to the admission or exclusion of evidence. This argument ignores the general procedural requirement that all issues be presented to the trial court to adequately preserve them for appellate review. *See State v. Johnson,* 130 N.H. 578, 587, 547 A.2d 213, 218 (1988) (legal sufficiency of charge not properly preserved for appeal because defendant failed to object at trial); *State v. Stearns,* 130

N.H. 475, 486, 547 A.2d 672, 678 (1988) (defendant's contention that police misrepresented statements in affidavit not raised before trial court and therefore not preserved for appeal). This court has consistently held that we "will not consider issues raised on appeal that were not presented in the lower court." *State v. Laliberte*, 124 N.H. 621, 621, 474 A.2d 1025, 1025 (1984); *see State v. Menard*, 133 N.H. 708, 711, 584 A.2d 752, 754 (1990); *State v. Cassell*, 129 N.H. 22, 24, 523 A.2d 40, 41 (1986). This rule, "grounded in common sense and judicial economy," *Johnson supra*, gives the trial court an opportunity to "consider alleged errors and to take remedial measures when necessary," *State v. Kelly*, 120 N.H. 904, 905, 424 A.2d 820, 821 (1980), including, in its discretion, allowing a party to reopen evidence, *State v. Petkus*, 110 N.H. 394, 398, 269 A.2d 123, 125 (1970), *cert. denied*, 402 U.S. 932 (1971); *State v. Comparone*, 110 N.H. 398, 399, 269 A.2d 131, 132 (1970).

In the case before us, the policy of conserving judicial resources is served by allowing the trial court to direct a verdict before submission of the case to the jury. Further, this rule of reviewing only those issues preserved ensures that this court serve its proper function as an appellate court. *See State v. Nadeau*, 126 N.H. 120, 125, 489 A.2d 623, 626 (1985). To allow a direct appeal of a sufficiency claim without first providing the trial court the opportunity to rule on a motion to dismiss or other appropriate motion would place this court in a position of exercising its original jurisdiction. *See State v. Todd*, 264 S.C. 136, 139, 213 S.E.2d 99, 100 (1975); R. MCNAMARA, 2 NEW HAMPSHIRE PRACTICE, CRIMINAL PRACTICE AND PROCEDURE § 954, at 148 (1980) ("Supreme Court's original jurisdiction will be exercised sparingly, and only in exceptional cases").

Second, the defendant argues that this court's decision in *State v. Fennell* is illustrative of why sufficiency of the evidence questions should be permitted to be raised on direct appeal for the first time. In *State v. Fennell*, 128 N.H. 383, 513 A.2d 363 (1986), *rev'd in part per curiam*, 133 N.H. 402, 578 A.2d 329 (1990) (*"Fennell I"*), the defendant appealed to this court, challenging the sufficiency of the evidence concerning one of four charges against him. The defendant in *Fennell I*, however, failed to preserve at trial the issue of the sufficiency of the evidence, and this court refused to address that issue. *Id.* at 384, 513 A.2d at 364. The defendant then filed a motion to vacate the convictions based on ineffective assistance of counsel for failure to move to dismiss one of the charges for insufficient evidence. The trial court denied the motion and an appeal was taken. *State v. Fennell*, 133 N.H. 402, 578 A.2d 329 (*"Fennell II"*). This

court vacated as to one conviction, finding that the defendant was prejudiced by trial counsel's failure to make a motion to dismiss on insufficiency grounds. *Id.* at 409, 578 A.2d at 333.

The defendant in the case before us suggests that valuable judicial resources were expended on *Fennell I* and *Fennell II* which could have been saved by addressing the sufficiency of the evidence claim on direct appeal, rather than in the context of a collateral attack based on ineffective assistance of counsel. The defendant asserts that because this court in *Fennell II* applied the same sufficiency of the evidence standard in assessing the ineffective assistance of counsel claim as it would have applied on direct appeal, *Fennell II* could have been avoided. We disagree.

■ Although the court in *Fennell II* addressed the sufficiency of the evidence as part of the defendant's ineffective assistance of counsel claim, a defendant raising sufficiency of the evidence on collateral review is exposed to a different legal standard than a defendant who properly preserves the issue for direct appeal. In a review of a conviction based upon the ineffective assistance of counsel, predicated on a failure to make a motion to dismiss because of insufficient evidence, the claim is reviewed on appeal under the *Strickland v. Washington* dual inquiry of whether counsel's performance was deficient, and whether the defendant was prejudiced by that performance. *Strickland v. Washington*, 466 U.S. 668, 687 *reh'g denied*, 467 U.S. 1267 (1984); *State v. Faragi*, 127 N.H. 1, 5, 498 A.2d 723, 726 (1985). If we were to review on direct appeal issues not properly preserved, issues more appropriately raised in the context of a collateral attack would receive the benefit of a different standard on direct appeal. We decline to merge the direct and collateral avenues of review.

Under our current rule, trial counsel has an affirmative duty to raise meritorious issues below. The requirement that trial counsel object to insufficiency of the evidence in order to properly preserve the issue for appeal ensures that:

> "First, appellate courts will not be required to expend time and energy . . . [where] no trial ruling has been made. Second, the trial court may promptly correct the asserted error. With the issue properly presented, the trial court is more likely to reach a satisfactory result, thus obviating the need for appellate review on this issue. Or if a new trial is necessary, it may be granted by the trial court without subjecting both the litigants and the courts to the expense and delay inherent in appellate review. Third, appellate courts will be

free to more expeditiously dispose of the issues properly preserved for appeal. Finally, the [objection] requirement . . . remove[s] [any] advantage [to] the unprepared trial lawyer who [would look] to the appellate court to compensate for his trial omissions."

*Dilliplaine v. Lehigh Valley Trust Company*, 457 Pa. 255, 259, 322 A.2d 114, 116–17 (1974). "Errors discovered by combing the record after trial and never properly presented to the trial judge should not be utilized to set aside a verdict." *State v. Cass*, 121 N.H. 81, 83, 427 A.2d 1, 3 (1981).

■ In this case, because trial counsel raised a sufficiency of the evidence claim regarding the arson charge, but not the escape charge, it could appear that such a motion on the latter charge was rejected by counsel as not meritorious. If so, it would be a waste of judicial resources to adopt a rule requiring this court to hear on appeal claims which would merely be dismissed as frivolous. If a motion to dismiss based on insufficient evidence should have been raised at the trial level by defendant's counsel, the defendant has recourse through a claim of ineffective assistance of counsel.

■ Finally, the defendant argues, in the alternative, that this court should permit him to raise the sufficiency question on direct appeal under a plain error standard. We declined to adopt such a standard in *State v. Fennell*, 128 N.H. at 384, 513 A.2d at 364, for the very type of error alleged by the defendant here, and we affirm that holding. *See State v. Johnson*, 130 N.H. at 587, 547 A.2d at 218 (in New Hampshire, unlike under the federal plain error rule, objections not raised at trial are waived).

Because we hold that the defendant's appeal is procedurally barred, it is not necessary to reach his argument that the evidence in this case was insufficient to convict.

*Affirmed.*

BATCHELDER and JOHNSON, JJ., concurred specially; the others concurred.

BATCHELDER and JOHNSON, JJ., concurring specially: We would adopt a plain error standard to address claims of insufficient evidence raised for the first time on appeal, and therefore we concur in the result only.

New Hampshire is one of only thirteen jurisdictions that have not yet adopted some form of the plain error rule, which allows an appel-

late court to reverse a decision for "plain error" or "manifest injustice," even where the error was not brought to the attention of the trial court. *See Gerbige v. State*, 571 So. 2d 401, 401 (Ala. Crim. App. 1990); *Aaron v. State*, 300 Ark. 13, 14–15, 775 S.W.2d 894, 895 (1989), *post-conviction relief denied*, No. CR 89-58 (Ark. Feb. 11, 1991) (WESTLAW, Allstates library, AR–CS file); *Fletcher v. State*, 159 Ga. App. 789, 790, 285 S.E.2d 762, 764 (1981); *State v. Heidebrink*, 334 N.W.2d 344, 346 (Iowa Ct. App. 1983); *State v. Hartfield*, 9 Kan. App. 2d 156, 165, 676 P.2d 141, 148–49 (1984); *State v. Reynolds*, 792 P.2d 1111, 1116 (Mont. 1990); *State v. Kyles*, 132 N.J. Super. 397, 401, 334 A.2d 44, 46 (1975); *State v. Stocks*, 319 N.C. 437, 439, 355 S.E.2d 492, 493 (1987); *Commonwealth v. Turner*, 365 A.2d 847, 850 n.8 (Pa. 1976); *State v. McMaugh*, 512 A.2d 824, 830 (R.I. 1986); *State v. Todd*, 264 S.C. 136, 139, 213 S.E.2d 99, 100 (1975); *Gonzales v. State*, 666 S.W.2d 496, 497 (Tex. Ct. App. 1983).

Of the thirty-nine jurisdictions specifically asked whether a court may address a sufficiency of the evidence claim for the first time on appeal, twenty-five have answered in the affirmative. *See Horton v. State*, 758 P.2d 628, 632 (Alaska Ct. App. 1988); *State v. Govan*, 154 Ariz. 611, 616, 744 P.2d 712, 717 (Ct. App. 1987); *State v. Payne*, 12 Conn. App. 408, 411–12, 530 A.2d 1110, 1111–12 (1987); *Fields v. United States*, 484 A.2d 570, 576 (D.C. 1984), *cert. denied*, 471 U.S. 1067 (1985); *Johnson v. State*, 569 So. 2d 872, 874 (Fla. Dist. Ct. App. 1990); *People v. Foster*, 547 N.E.2d 478, 483 (Ill. App. Ct. 1989), *cert. denied*, 111 S. Ct. 108 (1990); *Mftari v. State*, 537 N.E.2d 469, 474 (Ind. 1989); *Knox v. Comm.*, 735 S.W.2d 711, 712 (Ky. 1987); *State v. Lubrano*, 563 So. 2d 847, 849 (La. 1990); *State v. Hanson*, 331 A.2d 375, 378 (Me. 1975); *People v. Patterson*, 428 Mich. 502, 514, 410 N.W.2d 733, 738 (1987); *Walker v. State*, 394 N.W.2d 192, 196 (Minn. Ct. App. 1986); *Medious v. State*, 375 So. 2d 405, 406 (Miss. 1979); *State v. Fosdick*, 776 S.W.2d 54, 56 (Mo. Ct. App. 1989); *State v. Doe*, 92 N.M. 100, 102, 583 P.2d 464, 466 (1978); *People v. White*, 561 N.Y.S.2d 756, 757–58 (App. Div. 1990); *State v. Kopp*, 419 N.W.2d 169, 172–73 (N.D. 1988); *State v. Gardner*, 42 Ohio App. 3d 157, 157, 536 N.E.2d 1187, 1187 (1987); *State v. Hitz*, 307 Or. 183, 188, 766 P.2d 373, 375 (1988); *State v. Larocco*, 665 P.2d 1272, 1273 n.4 (Utah 1983); *State v. Bressette*, 136 Vt. 315, 316–17, 388 A.2d 395, 396 (1978); *Jimenez v. Comm.*, 402 S.E.2d 678, 680–81 (Va. 1991); *City of Seattle v. Slack*, 113 Wash. 2d 850, 859, 784 P.2d 494, 499 (1989); *Beamon v. State*, 93 Wis. 2d 215, 218–19, 286 N.W.2d 592, 594 (1980); *Marshall v. State*, 646 P.2d 795, 797 (Wyo. 1982). One jurisdiction, California, has not definitively answered this question. *Compare People v. Se-*

*dillo*, 185 Cal. Rptr. 475, 479 (Ct. App. 1982) (answering in the affirmative), *with People v. Hallman*, 264 Cal. Rptr 215, 218–22 (Ct. App. 1989) (declining to adopt the plain error rule).

Twenty of these twenty-five jurisdictions apply a plain error standard or its equivalent, *see Horton v. State supra* (court will review for "plain error"); *State v. Govan supra* ("fundamental error" to allow conviction to stand on less than sufficient evidence); *State v. Payne supra* (court will review where claim "clearly implicates a fundamental constitutional right"); *Fields v. United States supra* (court will review for "serious injustice" or "manifest error"); *Johnson v. State supra* (court will review for "fundamental error"); *Knox v. Comm. supra* (court will review for "manifest injustice"); *State v. Lubrano supra* (court will review where "state's case rests entirely on hearsay evidence"); *State v. Hanson supra* (court will review in "'exceptional circumstances and to prevent manifest injustice'" (citation omitted)); *Walker v. State supra* (court will review, "in the interests of justice and judicial economy[,] . . . the evidence in the light most favorable to the State and assume[] the trier of fact believed the State's witnesses and disbelieved any contradictory evidence"); *Medious v. State supra* (court will review "when the evidence wholly fails to sustain the charge in the indictment and the record contains no evidence which would support the conviction"); *State v. Fosdick supra* (court has "duty to review for plain error matters affecting substantial rights that result in a miscarriage of justice or manifest injustice"); *State v. Doe supra* (court will review for "fundamental error"); *State v. Kopp supra* (court will review for "obvious error"); *State v. Gardner supra* (court will review for "plain error"); *State v. Hitz supra* (court will review for "plain error"); *State v. Larocco supra* (court will review in "exceptional circumstances"); *State v. Bressette supra* (court will review for "plain error"); *Jimenez v. Comm. supra* (court will review "when it is necessary to . . . attain the ends of justice"); *Beamon v. State supra* (court will review in "'compelling circumstances' . . . 'where the error goes directly to the issue of guilt'" (citations omitted)); *Marshall v. State supra* (court will review for "'[p]lain errors or defects affecting substantial rights'" (citation omitted)), while the remaining five address the claim under a less stringent standard of review, *see People v. Foster supra; Mftari v. State supra; People v. Patterson supra; People v. White supra; City of Seattle v. Slack supra*.

The twelve jurisdictions that have not been presented with the precise question before us, whether to address on appeal an insufficiency claim not raised below, have nonetheless adopted a plain error

standard to review other claims not raised below. *See People v. Truesdale*, 804 P.2d 287, 289 (Colo. Ct. App. 1990) (court will review prosecutor's closing argument for "plain error"); *State v. Bennefield*, 567 A.2d 863, 865 (Del. 1989) (in general, court will review claim not raised below for "plain error"); *State v. Brezee*, 66 Haw. 162, 166, 657 P.2d 1044, 1047 (1983) (court will review jury instruction for "plain error"); *State v. Koch*, 765 P.2d 687, 689 (Idaho Ct. App. 1988) (court will review evidentiary ruling for "plain error"); *Vincent v. State*, 82 Md. App. 344, 350, 571 A.2d 874, 877 (court will review jury instructions for "plain error"), *rev'd on other grounds*, 321 Md. 313, 582 A.2d 1220 (1990); *Commonwealth v. Lemar*, 22 Mass. App. Ct. 170, 172–73, 492 N.E.2d 105, 106 (1986) (court will review jury instructions for "'substantial risk of a miscarriage of justice'" (citation omitted)); *State v. Lohman*, 466 N.W.2d 534, 536 (Neb. 1991) (court will review jury instruction for "plain error"); *Miranda v. State*, 101 Nev. 562, 569–70, 707 P.2d 1121, 1126 (1985) (court will review prosecutor's closing arguments for "plain error"), *cert. denied*, 475 U.S. 1031 (1986); *Copeland v. State*, 665 P.2d 325, 326 n.1 (Okla. Crim. App. 1983) (court will review for "fundamental error"); *State v. Baker*, 440 N.W.2d 284, 292–93 (S.D. 1989) (court will review conviction *sua sponte* for double jeopardy violation under "plain error" standard); *State v. Butler*, 795 S.W.2d 680, 683 (Tenn. Crim. App. 1990) (court will review prosecutor's closing argument for "plain error"); *State v. Schoolcraft*, 396 S.E.2d 760, 762 (W. Va. 1990) (court will review conviction on a charge not prosecuted at trial for "plain error").

The United States Supreme Court has long recognized the necessity for a plain error rule. *See Wiborg v. United States*, 163 U.S. 632, 658 (1896) ("although this question was not properly raised, yet if a plain error was committed in a matter so absolutely vital to defendants, we feel ourselves at liberty to correct it"). Since 1946, the rule has been formalized as Rule 52(b) of the Federal Rules of Criminal Procedure. *See* ADVISORY COMM. ON RULES FOR CRIMINAL PROCEDURE, RULES OF CRIMINAL PROCEDURE FOR THE DISTRICT COURTS OF THE UNITED STATES, S. DOC. NO. 175, 79th Cong., 2d Sess. 89-90 (1946); *see also* FED. R. CRIM. P. 52(b) advisory committee's note, 18 U.S.C. app. at 833 (1988) (rule merely restates existing law). The wording of the rule has not changed during the past forty-five years: "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." *See* FED. R. CRIM. P. 52(b).

Thus, "[i]n exceptional circumstances, especially in criminal cases, appellate courts, in the public interest, may, of their own motion, notice errors to which no exception has been taken, if the errors are obvious, or if they otherwise seriously affect the fairness, integrity or public reputation of judicial proceedings." *United States v. Atkinson*, 297 U.S. 157, 160 (1936). Although the rule "was intended to afford a means for the prompt redress of miscarriages of justice," *United States v. Frady*, 456 U.S. 152, 163 (1982), and "temper[s] the blow of a rigid application of the contemporaneous-objection requirement," *United States v. Young*, 470 U.S. 1, 15 (1985), courts emphasize that it is to be used "sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result," *Frady, supra* at 163 n.14.

We would adopt a plain error standard similar in scope to Rule 52(b), but narrower in its application, allowing review only of insufficiency claims. Unlike claims alleging error in various technical aspects of a trial, such as the admission or exclusion of evidence, insufficiency claims are potentially present in every criminal case. The very essence of a criminal trial is the proof or non-proof of a defendant's guilt beyond a reasonable doubt. Accordingly, where insufficient evidence to support a conviction is claimed, not only is there less need to alert a trial judge to the possibility of error than where other, more technical errors are claimed, but there is a greater danger of gross injustice.

The State offers several often-heard arguments to support an unwavering and uncompromising adherence to our contemporaneous-objection rule, even where insufficiency of the evidence is claimed. A plain error standard, the State maintains:

> "(1) 'removes the professional necessity for (diligent preparation)', (2) penalizes the opposing party, (3) denies the trial court an opportunity to correct the error, (4) erodes the finality of trial court holdings, (5) encourages unnecessary appeals and (6) needlessly discourages alert professional representation."

*Commonwealth v. Clair*, 458 Pa. 418, 421, 326 A.2d 272, 273 (1974). Moreover, the State argues that a defendant in McAdams' position is afforded adequate protection on collateral review should he or she decide to claim ineffective assistance of counsel. We find none of these arguments persuasive.

First, arguments (1) and (6) listed above ignore the strictness of a plain error standard. "The plain error rule is not a run-of-the-mill

remedy. The intention of the rule is to serve the ends of justice." *United States v. Gerald*, 624 F.2d 1291, 1299 (5th Cir. 1980), *cert. denied*, 450 U.S. 920 (1981). Therefore, it "is to be used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result." *Frady*, 456 U.S. at 163 n.14. If this standard were adopted in New Hampshire, defense attorneys would quickly learn that "diligent preparation" and "alert professional representation," *Clair supra*, are still essential.

The cases of *State v. Fennell*, 128 N.H. 383, 513 A.2d 363 (1986) (*"Fennell I"*), *rev'd in part*, 133 N.H. 402, 578 A.2d 329 (1990) (*"Fennell II"*), involving the same defendant, illustrate this point. In *Fennell I*, the defendant conceded that his claim of insufficient evidence had not been properly raised below. We stated:

> "The defendant urges us, however, to adopt the standard set forth in *State v. Boyer*, 392 A.2d 41, 42 (Me. 1978), which permits an appellate court to consider claims not raised at trial in order to correct 'manifest error' or 'serious injustice.' The defendant has made no compelling claim to such error or injustice here, and we thus decline to address the issue."

128 N.H. at 384, 513 A.2d at 364. This court in effect applied a plain error standard without adopting it, and found that the defendant could not meet it. Four years later, in *Fennell II*, we reversed one of the defendant's convictions, finding ineffective assistance of counsel. We determined that the conviction was not supported by sufficient evidence, and that the defendant was therefore prejudiced by his attorney's failure to make a motion to dismiss. Because the defendant was able to win relief under the strict ineffective assistance of counsel standard, but not under the plain error standard, *Fennell I* and *Fennell II* demonstrate that the plain error standard is a strict one indeed, and that this court would not allow it to obviate the necessity for a trial attorney's "diligent preparation" or "alert professional representation."

Argument (2) listed above, that a plain error standard would "penalize[] the opposing party," requires little discussion. The comments to the American Bar Association Model Rules of Professional Conduct, Rule 3.8, at 76 (1983) state: "A prosecutor has the responsibility of a minister of justice and not simply that of an advocate. This responsibility carries with it specific obligations to see that the defendant is accorded procedural justice and that guilt is decided upon the basis of sufficient evidence." Thus, overturning a conviction

so obviously unsupported by the evidence as to constitute plain error does not penalize the State.

Arguments (3), (4), and (5), relating to judicial economy, are also unpersuasive. Although economy and efficiency are necessary for a smooth-running judicial system, it must be remembered that the principles of economy and efficiency are merely tools used to achieve justice, the ultimate goal of a judicial system. The tools must not be allowed to dominate and thwart achievement of the goal. A plain error standard "reflects a careful balancing of our need to encourage all trial participants to seek a fair and accurate trial the first time around against our insistence that obvious injustice be promptly addressed." *Frady*, 456 U.S. at 163. If adoption of a plain error standard encourages defendants to seek direct review of their convictions for insufficiency of the evidence, the slight effort expended in addressing these claims will be justified by the assurance that justice has been done. Moreover, it is likely that only the close cases—that is, the meritorious ones—will consume much of our resources.

The State's final argument is that an insufficiency claim not raised below can be adequately addressed on collateral review as part of a claim of ineffective assistance of counsel. This argument ignores the tremendous burden placed on a defendant seeking collateral review. An indigent defendant in New Hampshire has no statutory or constitutional right to counsel beyond a first, direct appeal to this court. *See* R. MCNAMARA, 2 NEW HAMPSHIRE PRACTICE, CRIMINAL PRACTICE AND PROCEDURE § 945, at 135–36 (1980). A defendant whose conviction was plainly based on insufficient evidence should not be forced to spend several months or years imprisoned while he or she attempts to collaterally attack the conviction, whether *pro se* or with the aid of counsel.

Although we disagree with the majority's refusal to adopt a plain error standard, we concur in the result reached. McAdams' conviction on the escape charge does not suggest the type of serious, manifest injustice needed to meet the plain error standard articulated above.