Somersworth District Court
No. 99-203

### THE STATE OF NEW HAMPSHIRE

v.

### DANA M. CASWELL

April 4, 2001

*Philip T. McLaughlin*, attorney general (*Constance N. Stratton*, assistant attorney general, on the brief and orally), for the State.

*McKittrick Law Offices,* of North Hampton (*J. Joseph McKittrick* on the brief and orally), for the defendant.

GROFF, J., superior court justice, specially assigned under RSA 490:3. The defendant, Dana M. Caswell, appeals from Somersworth District Court (*Roberts,* J.) convictions of operating a motor vehicle while having a blood alcohol concentration above 0.08, *see* RSA 265:82 (Supp. 2000), and speeding, *see* RSA 265:60 (Supp. 2000). We reverse in part, affirm in part and remand.

The following facts were adduced at trial. On November 27, 1998, Sergeant Stephen Bourque stopped the defendant for speeding after his radar unit indicated that the defendant was traveling in excess of the posted speed limit. Sergeant Bourque testified that he had received training in radar usage at the police academy and at the Somersworth Police Department, and that he had used the particular model radar unit to facilitate several hundred automobile stops. He further testified that the radar unit was certified at the time of the defendant's arrest because there was an inspection sticker on the unit, and because, if it was not certified, it would have been taken out of service and removed from the cruiser. Sergeant Bourque also testified that he performed an internal and external calibration check on the radar unit, both before and after the arrest, and that it was functioning properly.

Following the stop, Sergeant Bourque arrested the defendant for operating while under the influence. The defendant was taken to the Somersworth Police Department, where he agreed to submit to a breath test. Sergeant Bourque testified that, prior to administering the breath test, the defendant was required to wait twenty minutes in order to allow any residual alcohol in his mouth to evaporate. Specifically, the defendant was instructed to avoid doing anything that would introduce alcohol into his mouth such as burping, belching or vomiting. Sergeant Bourque testified that the defendant did nothing during the twenty-minute period that introduced alcohol into his mouth. During the trial, the trial judge observed a videotape of the defendant during the twenty-minute waiting period, and concluded that the defendant did nothing that would bring alcohol into his mouth.

Subsequently, Sergeant Bourque administered the breath test using the Intoxilyzer 5000. Sergeant Bourque testified that he was a certified Intoxilyzer operator at the time of the defendant's test, and that he had been recertified annually since 1991. He also testified that the Intoxilyzer was certified because the certification record was posted behind the machine on the wall, and because, if

the machine was not certified, he would not have been able to use it. Finally, Sergeant Bourque explained that the machine performed internal calibration checks and external reference checks, and that it satisfied all standards for testing. The defendant's breath test revealed that he had a blood alcohol concentration of 0.10. Based upon this evidence, the court found the defendant guilty of operating a motor vehicle while having a blood alcohol concentration over 0.08 and speeding.

On appeal, the defendant argues that the trial court erred by: 1) admitting Sergeant Bourque's testimony that he was qualified and certified to operate the Intoxilyzer and that the Intoxilyzer was certified and operating properly at the time of the test; 2) admitting the breath test results where the State did not establish that the test was conducted in accordance with methods prescribed by the commissioner of the department of health and human services; and 3) admitting Sergeant Bourque's testimony that he was qualified to operate the radar unit and that the unit was certified and operating properly. The defendant maintains that, based upon these rulings, the burden of proof was improperly shifted to him in violation of the Fifth and Sixth Amendments of the United States Constitution and Part I, Article 15 of the New Hampshire Constitution. Finally, he argues that the trial court improperly substituted its opinion for that of Sergeant Bourque when it determined that the defendant did nothing during the twenty-minute waiting period that introduced alcohol into his mouth.

■ The defendant first argues that the trial court erred in admitting Sergeant Bourque's testimony that he was qualified and certified to operate the Intoxilyzer and that the Intoxilyzer was certified and operating properly at the time of the test. "The admissibility of evidence is a matter within the trial court's broad discretion, and we will not upset the court's ruling absent an abuse of that discretion. To show an abuse of discretion, the defendant must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of his case." *State v. Warren,* 143 N.H. 633, 636 (1999) (citation and quotations omitted). "The party offering evidence generally bears the burden of demonstrating its admissibility." *State v. Walters,* 142 N.H. 239, 242 (1997).

RSA 265:85, III requires that "[t]ests of the arrested person's breath, to be considered valid . . . shall have been performed by a person certified for this purpose by the director of the division of public health services according to methods approved by the director of the division of public health services." Sergeant Bourque

testified that he had been trained and was certified by the State to use the Intoxilyzer, that he had been continually recertified, and that he was certified at the time he tested the defendant. These matters were within the realm of Sergeant Bourque's personal knowledge and sufficient to establish a foundation to admit his testimony. *See* N.H. R. EV. 602.

▮ The defendant argues that the trial court should have required the State to produce Sergeant Bourque's written certification to prove he was a certified Intoxilyzer operator. However, we find no requirement under the administrative rules, the rules of evidence, or statutes that the State must furnish such documentary evidence to satisfy its burden of proof. The deficiencies and weaknesses of the State's evidence "are a matter of defense which affect the weight of the evidence but do[] not determine its admissibility." *State v. Arsenault,* 115 N.H. 109, 111 (1975) (quotation omitted).

We next consider the defendant's argument that the trial court erred by admitting Sergeant Bourque's testimony to establish that the Intoxilyzer was properly certified and operating properly at the time of the test. RSA 265:85 (Supp. 2000) provides that "[n]o tests of . . . breath authorized by RSA 265:84, IV shall be considered as evidence in any proceeding before any . . . court unless such test is performed in accordance with methods prescribed by the commissioner of the department of health and human services." These rules are codified in New Hampshire Code of Administrative Rules, Part He-P 2207, and became effective April 1, 1996. As a result, we review the evidence presented at trial in accordance with these rules.

▮ Rule He-P 2207.05 (a) provides that "[t]he forensic breath testing supervisor II shall conduct a preventive maintenance check on each approved instrument 6 months after the initial check and at 6 month intervals." This rule further states that the "[t]he forensic breath testing supervisor II shall certify the accuracy of the approved instrument by signing and dating the preventive maintenance check form, pursuant to RSA 265:90, II." N.H. ADMIN. RULES, He-P 2207.05 (d). It is incumbent upon the State to establish that the breath test has been conducted in accordance with the rules, including the successful completion of the required preventive maintenance check and the certification of the Intoxilyzer's accuracy. *See* RSA 265:85, IV (Supp. 2000). RSA 265:90, II relieves the State of the burden of formally proving the completion of the preventive maintenance check by providing that

> a copy of the preventative maintenance check form filled out
> by the forensic breath testing supervisor who performed

the last preventative maintenance check on the breath testing machine in question prior to the time of the test at issue shall be admissible evidence of the performance and successful completion of such check.

■ The only evidence presented by the State to prove that the preventive maintenance check had been performed was Sergeant Bourque's testimony that the Intoxilyzer was properly certified at the time of testing because there was a then current "certification record posted behind the machine on the wall at all times." He further stated that if the certification record indicated that the machine was not certified, he could not use the machine.

The State did not present the testimony of the forensic breath testing supervisor, nor did it introduce a copy of the preventive maintenance check form. Sergeant Bourque merely testified as to the existence of the "certificate" to establish that the preventive maintenance check had been performed and that the forensic breath testing supervisor had certified the accuracy of the Intoxilyzer. New Hampshire Rule of Evidence 1002, however, requires a party to introduce an original writing into evidence to prove its contents. Only under certain circumstances, none of which are applicable here, is secondary evidence admissible to prove the contents of a writing. *See* N.H. R. EV. 1004. Consequently, admission of Sergeant Bourque's testimony to prove the requirement of the successful completion of the preventive maintenance check, and the certification of the accuracy of the Intoxilyzer, was in error. Absent this evidence, there was no proof that the preventive maintenance check was accomplished in accordance with the rules. Thus, there was insufficient evidence presented by the State to satisfy its burden that the preventive maintenance check was performed and successfully completed in accordance with the methods prescribed by the commissioner of the department of health and human services. Accordingly, the trial court abused its discretion in admitting the results of the defendant's breath test into evidence. *See Warren*, 143 N.H. at 636.

■ Next, the defendant argues that the trial court erred in allowing the State to introduce Sergeant Bourque's testimony that he was qualified to operate the radar unit and that the unit was certified and operating properly. The defendant does not question the general reliability of radar. Rather, he contends that the State should have been required to introduce documentary evidence to satisfy its burden. We disagree.

There are no administrative rules or statutes governing the admissibility of radar evidence. It is a "fundamental principle that the results of scientific tests are inadmissible unless there is proof that the test device was operating accurately and that the test was performed by qualified individuals." *State v. Ahern*, 122 N.H. 744, 745 (1982). "This imposes a responsibility upon the proponent seeking admission of such evidence to establish the *prima facie* reliability of any test results." *State v. Lee*, 134 N.H. 392, 395 (1991). New Hampshire Rule of Evidence 901, however, does not place formal requirements on such proof. *See id.* at 396. Rather, Rule 901 provides, in pertinent part, that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." N.H. R. EV. 901(a). We therefore leave the determination as to whether "a sufficient showing of the particular instrument's accuracy has been made" to the discretion of the trial court. *Lee*, 134 N.H. at 396.

Sergeant Bourque provided detailed testimony as to his training and experience in operating radar units, and his familiarity with this particular model. He also testified that the unit was properly calibrated and functioning properly on November 27. We hold that the trial court did not abuse its discretion in admitting Sergeant Bourque's testimony to establish his qualification to operate the radar unit and the accuracy of the unit. The trial court did not shift the burden of proof to the defendant.

The State contends that the defendant failed to preserve the remaining issues for appellate review, raising them only in his motion for reconsideration. We agree. "This court has consistently held that we will not consider issues raised on appeal that were not presented in the lower court." *State v. McAdams*, 134 N.H. 445, 447 (1991) (quotation omitted). We adhere to this principal because the lower court must have the "opportunity to consider alleged errors and to take remedial measures when necessary." *Id.* Therefore, we will not consider the defendant's remaining arguments on appeal.

Based upon the foregoing, we reverse the defendant's conviction for operating a motor vehicle while having a blood alcohol concentration above 0.08, and affirm the speeding conviction.

*Reversed in part; affirmed in part; remanded.*

BRODERICK, NADEAU and DALIANIS, JJ., concurred; HORTON, J., retired, specially assigned under RSA 490:3, concurred.